## WEINZIERL v. WATSON.[*]

### No. 10457.

Court of Civil Appeals of Texas. Galveston.

Oct. 21, 1937.

On Motion for Rehearing Nov. 11, 1937.

---

[*] No remittitur was filed and on Nov. 24, 1937, the judgment was reformed and affirmed without further opinion.

C. M. Alderson, of Houston, for plaintiff in error.

CODY, Justice.

This is a suit in usual form on promissory notes, filed by plaintiff in one of the district courts of Harris county. The trial court sustained certain of plaintiff's exceptions to parts of defendant's answer, and to parts of his cross-action, and ordered the same stricken therefrom. At the conclusion of the trial, the court instructed the jury to return a verdict in favor of plaintiff, and entered judgment for plaintiff on the notes sued on. Defendant has appealed. The parties will be designated here as they were in the trial court, plaintiff and defendant, instead of plaintiff in error and defendant in error.

Before discussing defendant's assignments of error to the court's action in sustaining plaintiff's exception, we will give the substance of defendant's answer, as it remained after the trial court had stricken portions therefrom.

In addition to the general demurrer and general denial, defendant pleaded the plaintiff made out the notes in question, and asked him, defendant, to sign them because he, plaintiff, said he desired to present his wife something to show his prospective participation in the employment of defendant; that at such time the parties were on quite friendly terms, and plaintiff knew that defendant could not by any human chance pay the notes or any substantial part of them unless certain oil wells should be drilled in as producers; that it was agreed between the parties that defendant would sign the notes with the definite understanding that they would be held by plaintiff, and payment of them called for only in case certain oil wells were drilled in as producers; that these wells proved failures and the consideration for the notes failed.

Defendant in error has not favored us with a brief, so the labor has fallen on us to read the entire statement of facts, which, happily, is short, to see if the court was warranted in peremptorily instructing the jury to find for plaintiff. We find that the evidence on the trial established: That plaintiff had been in the employment of defendant for some years before he left him in the last of April, 1933; at the time he quit defendant's employment defendant owed him for back salary the amount of the face of the notes sued on; that at the time defendant gave the notes in question, which was May 15, 1933, defendant could not pay plaintiff in cash, so paid him the notes and made the notes payable at what he then thought were convenient dates in the future, with the understanding that plaintiff would be patient, and try to get along without his money if he could, and defendant would pay them if he could; that defendant paid the first note on its due date, and made other small payments later which had been credited on another note; that plaintiff waited some months after other of the notes had become due, and until after he had asked defendant from time to time to pay the notes, before he filed suit.

We hold that the court did not err in instructing a verdict for plaintiff.

As above indicated, defendant complains of the action of the trial court in striking from his pleadings, in response to plaintiff's exception, what in substance is the following plea:

That on May 18, 1933, subsequent to the delivery to plaintiff of the notes by defendant, plaintiff incurred certain physician's and hospital bills, totaling $202.50; and at the request of plaintiff, and with the acquiescence of the doctors and the hospital, defendant assumed the payment of such bills.

There is no pleading that there was any agreement that defendant was to offset such payment, if he should make it, against the notes; there was no pretense that he ever paid such bills; there was no pleading of any facts to show that plaintiff did not continue liable on the bills. And, as the obligation in question, as pleaded by defendant, was a promise to answer for the debt of another, and was not pleaded to have been in writing, it was nonenforceable against defendant. The trial court correctly held such allegations irrelevant, and, upon defendant's refusal to replead, correctly ordered such allegations stricken.

Plaintiff in error makes like complaint of the trial court striking from his pleadings what, in substance, were the following allegations:

That at the time the notes were given, and hospital bills assumed, it was the expectation of the defendant that plaintiff would continue under their working arrangement, and defendant as a result would have received certain reports that would be valuable as records, and which would have the reasonable value of $525, and pleads the failure of plaintiff to furnish the reports as a set-off against the notes.

It does not appear from such pleadings that plaintiff had obligated himself to continue in the employ of defendant, who then owed him more than $1,500 in back salary, nor is it in any way shown that, even should the $525 referred to be a liquidated demand, it would be a proper offset against the notes. The court properly sustained the exception, and, upon defendant's refusal to replead, properly ordered such pleading stricken.

Plaintiff in error further assigns as error the action of the trial court in striking from his petition what, in substance, were the following allegations:

That plaintiff used for his own benefit certain valuable geophysical instruments belonging to defendant in investigating matters for his own sole benefit, during his working agreement with defendant; and that the reasonable charge for the use of such instruments is $100; and this is pleaded as a credit on or offset against the notes.

The irrelevancy of this unliquidated demand to plaintiff's action on the note seems apparent.

Defendant has also assigned as error the action of the court in striking from his pleading certain allegations setting forth at great length the condition of the oil industry at the time the notes were given. Without attempting to set forth the substance of these allegations, we have nevertheless considered defendant's assignment of error, and overruled it.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

Appellant, Weinzierl, in his motion for rehearing vigorously assails our sustaining of the trial court's action in striking from appellant's answer in the court below, as irrelevant, allegations to the effect that plaintiff (appellee here) incurred certain physician's and hospital bills totaling $202.50, and at the request of plaintiff, and with the acquiescence of the doctors and hospital defendant, assumed the payment of such bills. Appellant has convinced us that we erred, at least in part, in the reasons we gave for sustaining the trial court's action in this respect. Appellee has filed no answer to this motion for rehearing, even as he filed no brief on the hearing. Not being enlightened by appellee as to the reason for the court's action in striking such allegations from appellant's answer, and being persuaded that we probably erred in the reasons assigned by us in justifying such action, and being disinclined to take more time (at the expense of attention to cases of other litigants who have favored us with briefs) to make the investigation and presentation of law here, which it was the duty of appellee to make, we have decided to grant appellant's motion for rehearing unless, within ten days from date, appellee shall file a remittitur here sufficiently large to render the court's action in striking the aforesaid allegations from appellant's answer harmless error as to appellant. In other words, for the purposes of the remittitur here required, the allegations of appellant's answer, as to the items making up $202.50, must be taken as true, and the remittitur be in a sum sufficiently large to reduce the judgment to such sum as it should have been, taking as true appellant's claimed set-off of $202.50.